UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------X

UNITED STATES OF AMERICA

        -against-                        17 Cr. 397 (RWS)

                                                             SENTENCING
MATTHEW WILLIAMS,                               OPINION

                            Defendant.

------------------------------------------X

**Sweet, D.J.**

On September 19, 2017, Matthew Williams ("Defendant" or "Williams") pleaded guilty to possession of a firearm in connection with the racketeering conspiracy. Based on the conclusions sets forth below, Williams will be sentenced to the mandatory minimum of 60 months' imprisonment, followed by three (3) years' supervised release, subject to the scheduled sentencing hearing on November 27, 2017.

**Prior Proceedings**

Williams is named in a two-count indictment filed in the Southern District of New York on June 22, 2017. Count One charges that from at least 2010 up to and including April 12,

1

2017, in the Southern District of New York and elsewhere, Williams, during and in relation to his involvement in a racketeering enterprise, "Young Gunnaz" or "YGz," that engaged in a pattern of violent racketeering activities including murders, attempted murders, robberies, and other crimes of violence, in violation of 18 U.S.C. § 1962(d), Williams used and carried firearms, and aided and abetted the use, carry, and possession of firearms, in furtherance of crimes of violence.

Count Two charges that on April 12, 2017, in the Southern District of New York, Williams, after having been convicted in a court of a crime punishable by imprisonment for a term exceeding one year, possessed an RG Industries Model RG23 .22 caliber revolver, which had previously been shipped and transported in interstate and foreign commerce.

On September 19, 2017, Williams appeared before the Honorable Debra C. Freeman, in the Southern District of New York, and allocuted to his criminal conduct as charged in Count One of the Indictment.

Williams is scheduled to be sentenced on November 27, 2017.

**The Sentencing Framework**

In accordance with the Supreme Court's decision in <u>United States v. Booker</u>, 543 U.S. 220 (2005), and the Second Circuit's decision in <u>United States v. Crosby</u>, 397 F.3d 103 (2d Cir. 2005), the sentence to be imposed was reached through consideration of all of the factors identified in 18 U.S.C. § 3553(a), including the Advisory Guidelines. Thus, the sentence to be imposed here is the result of a consideration of:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;

(2) the need for the sentence imposed —

   (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

   (B) to afford adequate deterrence to criminal conduct;

   (C) to protect the public from further crimes of the defendant; and

   (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(3) the kinds of sentences available;

(4) the kinds of sentence and the sentencing range established for —

   (A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines . . .;

3

(5) any pertinent policy statement [issued by the Sentencing Commission];

(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

(7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a). A sentencing judge is permitted to find all the facts appropriate for determining a sentence, whether that sentence is a so-called Guidelines sentence or not. See Crosby, 397 F.3d at 114-15.

**The Defendant**

The Court adopts the facts set forth in the Presentence Investigation Report ("PSR") with respect to Defendant's personal and family history.

**The Offense Conduct**

The Court adopts the facts set forth in the PSR with respect to the offense conduct. These facts are summarized, in brief form, below.

4

The following investigation was conducted by the New York City Police Department ("NYPD"). From about 2010 to 2017, Williams was a member of the Bronx-based street gang known as the "Young Gunnaz" or "YGz." When Williams joined the gang, he understood and agreed that other members and associates of the YGz enriched themselves by committing robberies and by selling drugs, such as crack cocaine, and maintained the power of the gang by committing acts of violence, including murders and attempted murders of rival gang members, rival drug traffickers, and innocent bystanders.

On April 12, 2017 at approximately 2:35 PM, Williams was walking near Webster Avenue and 170th Street in Bronx, New York, with another YGz gang member and a former YGz gang member. Williams was stopped and searched by the NYPD, who recovered a loaded RG Industries model RG 23 .22 caliber revolver from Williams' boots.

Accordingly, as part of his involvement in the YGz gang, Williams possessed a firearm on April 12, 2017, in Bronx, New York, to further the YGz gang's goals. Williams was arrested by the NYPD at that time.

**The Relevant Statutory Provisions**

For Count One of the indictment, to which Williams pleaded guilty, the minimum term of imprisonment is five (5) years and the maximum term is life. 18 U.S.C. § 924(c)(1)(A)(i). The Court may impose a term of supervised release of not more than five (5) years. *Id.* § 3583(b)(1). The defendant is ineligible for probation because it is expressly precluded by statute. *Id.* § 3561(a)(2). The maximum fine is $250,000. *Id.* § 3571(b). A special assessment of $100 is mandatory. *Id.* § 3013. The offense is a Class A felony. *Id.* § 3559. Restitution is not applicable in this case. *Id.* § 3663.

**The Guidelines**

The 2016 edition of the <u>United States Sentencing Commission Guidelines Manual</u>, incorporating all Guideline amendments, was used to determine the defendant's offense level. U.S.S.G. § 1B1.11.

The guideline applicable to violations of 18 U.S.C. § 924(c)(1)(A)(i) is found in U.S.S.G. § 2K2.4(b). As per the applicable guidelines found in U.S.S.G. § 2K2.4, the guideline sentence is the minimum term of imprisonment required by

6

statute, 60 months. Therefore, Chapters Three and Four shall not apply. U.S.S.G. § 2K2.4(b).

Since the offense is a Class A felony, the guidelines range for a term of supervised release is 2 years to 5 years. U.S.S.G. § 5D1.2(a)(1). The defendant is ineligible for probation because probation has been expressly precluded by statute. U.S.S.G. § 5B1.1(b)(2).

Application Note 7 of U.S.S.G. § 2K2.4 states that the Commission has not established a fine guideline range for the unusual case in which there is no conviction for the underlying offense, although a fine is authorized under 18 U.S.C. § 3571.

Costs of prosecution shall be imposed on the defendant as required by statute. U.S.S.G. § 5E1.5. In determining whether to impose a fine and the amount of such fine, the Court shall consider, among other factors, the expected costs to the government of any term of probation, or term of imprisonment and term of supervised release imposed. U.S.S.G. § 5E1.2(d)(7) and 18 U.S.C. § 3572(a)(6). These costs may include drug and alcohol treatment, electronic monitoring, and/or contract confinement costs. The most recent advisory from the Administrative Office of the United States Courts, dated July 13, 2017, provides a

7

daily cost of $95, a monthly cost of $2,898, and an annual cost of $34,770 for imprisonment.

## The Remaining Factors of 18 U.S.C. § 3553(a)

Having engaged in the Guidelines analysis, this Court also gives due consideration to the remaining factors identified in 18 U.S.C. § 3553(a) to impose a sentence "sufficient, but not greater than necessary," as is required by the Supreme Court's decision in Booker, 543 U.S. 220, and the Second Circuit's decision in Crosby, 397 F.3d 103. In light of the Court's statutory responsibility "to 'impose a sentence sufficient, but not greater than necessary' to accomplish the goals of sentencing," Kimbrough v. United States, 552 U.S. 85, 102 (2007) (quoting 18 U.S.C. § 3553(a)), having considered the Guidelines and all of the factors set forth in § 3553(a), and having reviewed the Presentence Investigation Report, the Court will impose a sentence within the Guidelines range.

## The Sentence

For the instant offense, Matthew Williams shall be sentenced to 60 months' imprisonment on Count One. The term of

8

imprisonment shall be followed by a term of three (3) years of supervised release.

As mandatory conditions of his supervised release, the Defendant shall:

(1) Not commit another federal, state, or local crime.

(2) Not illegally possess a controlled substance.

(3) Cooperate in the collection of DNA as directed by the probation officer.

(4) Comply with the standard conditions that have been adopted by this Court as well as with any other conditions on the attached page.

The standard conditions of supervision (1-13) apply with the following special conditions:

(1) The Defendant must submit his person, residence, place of business, vehicle, and any property or electronic devices under his control to a search on the basis that the probation officer has reasonable suspicion that contraband or evidence of a violation of the conditions of the Defendant's probation/supervised release may be found. The search must be conducted at a reasonable time and in a reasonable manner. Failure to submit to a search may be grounds for revocation. The Defendant must inform any other residents that the premises may be subject to search pursuant to this condition.

(2) The Defendant will participate in an outpatient treatment program approved by the United States Probation Office, which program may include testing to determine whether the Defendant has reverted to using drugs or alcohol. The Defendant must contribute to the costs of services rendered based on his ability to pay and the availability of third-party payments. The

9

Court authorizes the release of available drug treatment evaluations and reports, including the presentence investigation report, to the substance abuse treatment provider.

(3) The Defendant shall be supervised by the district of residence.

It is further ordered that the Defendant shall pay to the United States a special assessment of $100, which shall be due immediately.

Because the Defendant does not have the ability to pay a fine, the fine in this case has been waived.

The Defendant has been detained without bail since his arrest, and is not a candidate for voluntary surrender because of the provisions found in 18 U.S.C. § 3143(a)(2).

It is so ordered.

**New York, NY**
**November 2/, 2017**

_____
ROBERT W. SWEET
U.S.D.J.

10